69 F.3d 553
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Samuel T. DICHOSO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3513.
 United States Court of Appeals, Federal Circuit.
 Oct. 5, 1995.
 
 Before SCHALL, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Samuel T. Dichoso was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Dichoso has not responded.
 
 
 2
 Dichoso was employed from 1966 until 1987 by the Department of the Navy in Cubi Point, Philippines. Dichoso was separated due to disability and he applied for retirement benefits under the CSRA. OPM denied Dichoso's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Dichoso had served his entire career under an excepted-indefinite appointment that was specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(13). The AJ thus concluded that while Dichoso had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Dichoso petitioned this court for review.
 
 
 3
 This court recently addressed whether indefinite appointments qualify as covered service in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed. Cir. 1995). The exclusion of indefinite appointments is contained in OPM's regulation that interprets Sec. 8347(g). See 5 C.F.R. Sec. 831.201(a)(13). Rosete argued that an indefinite appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that it was proper to defer to OPM's interpretation of Sec. 8347(g) as excluding indefinite appointments because that interpretation was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that an indefinite appointment in the excepted service did not constitute covered service within the meaning of the CSRA. Id. at 520.
 
 
 4
 We agree with OPM that the Board's decision that Dichoso was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). This case involves the same issue that was presented in Rosete. As in Rosete, Dichoso served an indefinite appointment in the excepted service. Further, the AJ found that there was no evidence that Dichoso was otherwise subject to the CSRA.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) OPM's motion for summary affirmance is granted.
 
 
 7
 (2) Each side shall bear its own costs.